

# The Attorney General of Texas

.AATTOX
ɔrney General

'eme Court Building
Box 12548
ι, TX. 78711-2548
5-2501
x 910/874-1367
~ɔpier 512/475-0266

Jackson, Suite 700
-ι, TX. 75202-4506
12-8944

' Alberta Ave., Suite 160
ιo, TX. 79905-2793
ι₃33-3484

Texas, Suite 700
ιston, TX. 77002-3111
/223-5886

ι Broadway, Suite 312
ɔbock, TX. 79401-3479
47-5238

)⊕ N. Tenth, Suite B
ilen, TX. 78501-1685
ι82-4547

ιaln Plaza, Suite 400
Antonio, TX. 78205-2797
2/225-4191

ι .qual Opportunity/
fIrmative Action Employer

December 13, 1984

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-247

Re: Whether responsibility for
the Harris County Child Support
Division may be transferred
from the Juvenile Board to the
Domestic Relations Office

Dear Mr. Driscoll:

You inform us that the Harris County Juvenile Probation
Department has 'established a Child Support Division. It is our
understanding that the Harris County Juvenile Board has designated the
chief juvenile probation officer to receive child support payments in
Harris County pursuant to section 10(a) of article 5139VV, V.T.C.S.

In that regard, you ask:

> 1. Is the Child Support Division, as it is now
> attached to the Harris County Juvenile Probation
> Department a 'child support collection service
> specifically established by statute' [within the
> meaning of section 7(a) of article 5142a-1,
> V.T.C.S.]?

> 2. Would the commissioners court be allowed to
> transfer responsibility for the Child Support
> Division from the Juvenile Board to the Domestic
> Relations Office [established pursuant to article
> 2338-1e, V.T.C.S.]?

The Harris County Commissioners Court has only the powers
conferred either expressly or by necessary implication by the
constitution and statutes of this state. See Tex. Const. art. V, §18;
Cannales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). We begin with
the working assumption that the collection of child support payments
in Harris County may arguably be governed by articles 5139VV, 5142a-1,
and/or 2338-1e, V.T.C.S. We will analyze these statutes to determine
which ones actually govern this matter. Thus, the answers to your
questions will depend upon which of these statutes authorizes the
collection of child support payments in Harris County.

> Sec.   2.   (a)  A  domestic  relations  office
> established under Section 1 of this article may be
> administered by the juvenile board of a county or
> multicounty area or otherwise as provided by the
> commissioners court.
>
> (b)  Any domestic relations office currently in
> existence by statute or tradition and which has
> been  under  the  control  of  and  governed  by  a
> juvenile  board  by  statute  or  tradition  shall
> continue to operate under the current administra-
> tion as established by such statute or tradition.
>
> . . . .
>
> Sec. 7.   (a)  This article does not apply to a
> county in which a child support collection service
> is specifically established by statute.
>
> (b)  This article is  cumulative  of  other
> statutes relating to juvenile boards and child
> support collection offices.
>
> (c)  Another statute relating to funds for the
> operation of a child support office and providing
> for an additional filing fee in excess of $5
> prevails over this Act to the extent that the
> other  statute  conflicts  with  the  maximum
> additional  filing  fee  provided  by  this  Act.
> (Emphasis added).

Id.   This statute excepts from its application those counties "in
which a child support collection service is specifically established
by statute. . . ."  V.T.C.S. art. 5142a-1, §7(a).  As indicated above,
the legislature has established the Juvenile Board of Harris County
with the duty to "direct whether . . . the chief juvenile probation
officer  shall  receive  payments  for  the  support  of  wives  and
children. . . ."  See V.T.C.S. art. 5139VV, §5(f).  Accordingly, in
response to your first question, we conclude that the Child Support
Division  of  the  Harris  County  Juvenile  Probation  Department
established pursuant to article 5139VV, V.T.C.S., is a "child support
collection service . . . specifically established by statute" within
the meaning of section 7(a) of article 5142a-1, V.T.C.S.  The Harris
County Commissioners Court may establish a child support collection
service only pursuant to article 5139VV, V.T.C.S.

In regard to your second question, the general rule is that when
the legislature imposes upon an officer or governmental board the
performance  of  certain  acts  as  part  of  an  official  duty,  the

The Harris County Juvenile Probation Department was established in 1965 along with the Harris County Juvenile Board by the Texas Legislature.  See V.T.C.S. art. 5139VV, §§1, 11.  Section 10(a) of article 5139VV, as amended in 1975, provides that the Juvenile Board has the power -- independently of the commissioners court and at its option -- to direct the chief juvenile probation officer to receive child support payments.  The only other person the Juvenile Board may authorize under the act to receive child support payment is the district clerk.  See V.T.C.S. art. 5139VV, §10(b).

Section 1 of article 2338-1e, V.T.C.S., provides:

> Section 1.  In counties having a population in excess of 2,000,000, as shown by the last preceding United States Census, the county commissioners court may create a domestic relations office to provide services to establish and enforce court orders providing for the support and/or visitation rights to a child, to establish paternity or legitimation of a child, and to provide informational services to assist parties affected by a court order in understanding, complying with, and enforcing the duties and obligations in the court order pertaining to child support and rights of visitation.  Upon such creation, said designated county office shall be directly responsible to the commissioners court.  The chief administrative officer of the designated county office so created shall be appointed by a majority vote of the commissioners court of the county.  (Emphasis added).

Harris County falls within the 2,000,000 population bracket of the statute.  We conclude that the dominant purpose of article 2338-1e is to authorize the Harris County Commissioners Court to establish a Domestic Relations Office to act as a legal agency to provide those legal services necessary to assist those persons having a legal right to child support and/or visitation privileges.  The statute does not authorize the commissioners court to establish a Domestic Relations Office to function as a collection service to receive and/or distribute child support payments.

A county commissioners court is also authorized to establish a Domestic Relations Office pursuant to article 5142a-1, V.T.C.S., which provides:

> Section 1.  The commissioners court of a county may establish a domestic relations office with the powers and duties as provided in this article.

commissioners court is without authority to transfer the performance of that official duty to any other person or body than that named in the law. See Aldrich v. Dallas County, 167 S.W.2d 560 (Tex. Civ. App. - Dallas 1942, writ dism'd); Navarro County v. Tullos, 237 S.W. 982 (Tex. Civ. App. - Dallas 1922, writ ref'd). You ask whether the Harris County Commissioners Court is authorized to transfer responsibility for the Child Support Division of the Harris County Probation Department which was created pursuant to article 5139VV, V.T.C.S., to the Domestic Relations Office established pursuant to article 2338-1e, V.T.C.S. As previously stated, the Domestic Relations Office, which is directly responsible to the commissioners court, has the duty of providing those legal services necessary to ensure a party's right to child support and/or visitation privileges. On the contrary, the Child Support Division of the Harris County Probation Department is administered by the chief juvenile probation officer, but it is responsible to the Harris County Juvenile Board. See Harris County v. Schoenbacher, 594 S.W.2d 106 (Tex. Civ. App. - Houston [1st Dist.] 1979, writ ref'd n.r.e.).

Accordingly, the Harris County Commissioners Court is not authorized to ignore the duties imposed on the Harris County Juvenile Board to provide a child support collection service and transfer the performance of that function to the Domestic Relations Office.

### S U M M A R Y

The Child Support Division of the Harris County Juvenile Probation Department was specifically established by article 5139VV, V.T.C.S.; accordingly, article 5142a-1, V.T.C.S., does not govern the collection of child support payments in Harris County. Additionally, the Harris County Commissioners Court is without authority to transfer the Child Support Division from the Juvenile Board to the Domestic Relations Office established pursuant to article 2338-1e, V.T.C.S.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton